IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

VS.                                        CASE NO. 22-50011-001

BRIAN CLEAVELAND                                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Such a hearing was conducted on May 11, 2022, and, pursuant to a written plea agreement, the Defendant, Brian Cleaveland, entered pleas of guilt to Count One & Two of the Indictment, charging him with receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and agreed to entry of a Preliminary Order of Forfeiture. The plea agreement provides that if the Court accepts the plea agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts against Defendant contained in the Indictment.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

    1.    The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the hearing, to the entry of his guilty pleas before the undersigned, with Defendant's pleas of guilt subject to final approval by United States District Judge Timothy L. Brooks.

    2.    The Defendant and the Government have entered into a written plea agreement which

has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed. (ECF No. 19).

3. Defendant is fully competent and capable of entering informed pleas of guilt; Defendant is aware of the nature of the charges, the applicable maximum penalties, including a mandatory minimum term of imprisonment, and the consequences of the guilty plea; Defendant is fully satisfied with his counsel and has had sufficient time to consult with counsel; and the plea of guilt is knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense contained in Count Two of the Indictment.

4. The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5. The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. To expedite acceptance of the guilty pleas, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty pleas be accepted. The written plea agreement will be subject to approval by the District Judge at sentencing.

DATED this 11th day of May 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE